UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-07791-AB-SSC | Date: | February 26, 2026 |
|---|---|---|---|

| Title: | *Alma R. Hernandez, et al. v. General Motors, LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [Dkt. No. 18]**

Before the Court is Plaintiffs Alma R. Hernandez and Carlos A. Mora's (collectively, "Plaintiffs") Motion to Remand ("Mot.," Dkt. No. 18). Defendant General Motors, LLC ("Defendant") filed an Opposition to the Motion ("Opp'n," Dkt. No. 22) and Plaintiffs filed a timely Reply ("Reply," Dkt. No. 23). The Court found the matter appropriate for decision without oral argument and **VACATED** the November 21, 2025 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **GRANTED.**

On February 3, 2025, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of Los Angeles in connection with Plaintiff's purchase of a 2023 Chevrolet Tahoe ("Subject Vehicle"). Mot. at 1. On August 10, 2025, Defendant filed a Notice of Removal with this Court, asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332 and removal jurisdiction under 28 U.S.C. § 1441. Notice of Removal at 1. Plaintiff filed the present Motion, arguing that Defendant's removal was untimely and improper.

Following removal, the Court issued an Order on January 30, 2026 identifying deficiencies in Defendant's Notice of Removal. Dkt. No. 26 ("Order"). Specifically, Defendant erroneously attached a state court complaint from a different case naming an incorrect plaintiff and failed to include the operative pleading from the underlying state court action, preventing the Court from assessing the propriety of removal. *See id.*; Dkt. No. 1-1. The Court ordered Defendant to file an Amended Notice of Removal attaching the correct state court complaint and any required removal documents no later than February 6, 2026, and expressly warned that failure to do so would result in remand. Order. Defendant failed to comply with the Court's Order and did not file an amended notice or cure the identified deficiencies. Accordingly, remand is warranted on this independent procedural ground.

For the forgoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Plaintiff's request for attorneys' fees and costs. Accordingly, the scheduling conference currently set in this matter is hereby **VACATED** and the matter is **REMANDED.**

**IT IS SO ORDERED**.